IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. NO.: 19-377 (GAG/SCC) |
| SANTIAGO GARCIA-RODRIGUEZ | |
| Defendant. | |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I.    PROCEDURAL BACKGROUND**

On June 19, 2019, defendant Santiago Garcia-Rodriguez was charged in a single-count indictment. On July 9, 2019, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to count one of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count one charges that the defendant, who has been previously removed from the United States subsequent to the conviction of an aggravated felony, did knowingly and intentionally attempt to re-enter the United States, without having obtained, the express consent from the Secretary of Homeland Security, to reapply

United States v. Garcia-Rodriguez
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

for admission into the United States, in violation of Title 8, United States Code,

Section 1326(a) and (b)(2).

The defendant was advised of the purpose of the hearing and placed under

oath, with instructions that his answers must be truthful or he would subject himself

to possible charges of perjury or making a false statement.

## II.    CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to

trial by jury.[1]  He confirmed that his attorney explained and translated the form, and

he was further explained his right to have all proceedings, including the change of

plea hearing, conducted by a district judge. To this end, defendant was made to

understand the differences between the functions and jurisdiction of magistrate and

district judges, and that, if he chose to proceed before a magistrate judge, that the

magistrate would hold the hearing and prepare a report and recommendation, which

would be subject to review by and the final approval of the district judge. Having

---

[1]That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Garcia-Rodriguez
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

heard all of this, the defendant consented to proceed before a magistrate judge.

## III.    PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11 of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an understanding of the charges, and (3) knowledge of the consequences of pleading guilty. *Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his understanding of the purpose of the hearing. It was confirmed that the defendant

3

United States v. Garcia-Rodriguez
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

received a copy of the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court inquired whether counsel for the defendant or the government had any doubts about the defendant's capacity to plead; neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing his demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

B.    **Maximum Penalties**

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely, as to count one, a term of imprisonment of up to twenty years, a fine not to exceed $250,000,000 and a term of supervised release of up to three years. However, Defendant was also informed that a special monetary assessment of $100 would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of violating its terms.

United States v. Garcia-Rodriguez
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

## C.    Lack of Plea Agreement

There is no plea agreement in this case. Consequently, defendant was made to understand that the presiding judge, at sentencing, may impose any sentence up to the maximum possible penalty prescribed by statute. Additionally, the defendant was explained that the court, in imposing its sentence, is not bound by the Sentencing Guidelines, which are advisory.

## D.    Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and that if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him; that at trial he would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further

United States v. Garcia-Rodriguez
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

advised that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant expressed his understanding of these right, and his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights the court explained. The defendant's counsel attested that he explained these rights to his client and believed that the defendant understood his explanations. The defendant was also informed that parole has been abolished and that any sentence of imprisonment must be served. Further, defendant was explained that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, including the right to vote, to hold public office, to serve as juror and to possess a firearm. The defendant expressed his understanding of these consequences.

### E.      Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in count one and the evidence the government had available to establish the

United States v. Garcia-Rodriguez
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

defendant's guilt beyond a reasonable doubt, should the case go to trial. The
defendant admitted to the essential elements of the offense charged.

### F.    Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather,
that he was entering such a plea freely and voluntarily because he is in fact guilty,
and that no one had threatened him or offered him a thing of value in exchange for
his plea. He acknowledged that no one had made any promises in exchange for his
guilty plea. Throughout the hearing, the defendant was able to consult with his
attorney.

### G.    Special Warnings

The defendant was explained, and he understood, that as a result of entering
a guilty plea, he may be subject to adverse administrative consequences, including
but not limited to deportation or removal from the United States of America.

### IV.    CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the
Federal Rules of Criminal Procedure and entered a plea of guilty as to count one of
the indictment. After cautioning and examining the defendant under Rule 11, I find

<u>United States v. Garcia-Rodriguez</u>
Crim. No. 19-377 (GAG/SCC)
Report and Recommendation

that the defendant, Santiago Garcia-Rodriguez, is competent to enter this guilty plea,

is aware of the nature of the offense charged and the maximum penalties it carries,

understands that the charge is supported by evidence and a basis in fact, has

admitted to the elements of the offense, and has done so in an intelligent and

voluntary manner with the full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea and that the defendant

be adjudged guilty as to count one.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and

recommendation. Failure to file the same within the specified time waives the right

to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143,

150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 9th day of July, 2019.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE
